FILED
United States Court of Appeals
Tenth Circuit

September 26, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER L. BIRD,

     Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN;
WYOMING ATTORNEY GENERAL,

     Respondents - Appellees.

No. 17-8053
(D.C. No. 2:17-CV-00111-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

    Chester Loyde Bird, a Wyoming state prisoner appearing pro se, requests a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas application because it was a second or successive petition. The court also denied Bird's motion to proceed in forma pauperis (IFP) on appeal, stating that Bird failed to assert a reasoned, nonfrivolous argument on appeal and that his appeal would not be taken in good faith. We deny a COA and Bird's renewed motion to proceed IFP on appeal and dismiss this matter.

_____

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To be entitled to a COA, Bird must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

In its order, the court noted that Bird's most recent habeas application was nearly identical to the one he filed in February 2017, and therefore second or successive. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Bird's application for a COA does not address the district court's conclusion that it lacked jurisdiction because the application was successive and filed without this court's authorization, and we discern no basis for concluding that jurists of reason would find the correctness of the district court's procedural ruling debatable.

Further, because Bird has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole*

2

*Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny leave to proceed IFP.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3